IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK SKAPINETZ

    Plaintiff,

v.

COESTERVMS.COM, INC.
*et al.*,

    Defendants.

Civil Action No. PX-17-1098

\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Counter-Plaintiff CoesterVMS.com, Inc. ("CoesterVMS")'s Motion for Leave to File a Third Amended Answer and Counterclaim (ECF No. 74), and Plaintiff Mark Skapinetz ("Skapinetz")'s Motion for Sanctions (ECF No. 70), Motion to Seal (ECF No. 69), and letter pleading seeking an Order compelling additional outstanding discovery (ECF No. 79). For the following reasons, the Court DENIES CoesterVMS' motion, GRANTS Skapinetz' motion to compel, GRANTS Skapinetz' motion to seal, and GRANTS in part and DENIES in part Skapinetz' motion for sanctions. The Court addresses each motion in turn.

    **I.    Motion for Sanctions (ECF No. 70).**

This case has been plagued with a tortured discovery history, mostly due to CoesterVMS' lack of diligence and care in abiding by this Court's scheduling and discovery Orders. The Court has held **five** status conferences concerning schedule or discovery matters. *See, e.g.*, ECF Nos. 34, 44, 61, 64, 66. At the last in-person discovery conference, the Court issued a discovery order compelling CoesterVMS to fully comply with *all* outstanding written discovery on both its defenses and counterclaims by Friday September 28, 2018 at 5 p.m. ECF No. 63. The crux of

Skapinetz' recent motion is that (a) once again, CoesterVMS did not meet the Court's ordered deadline, (b) the discovery produced is tantamount to a data dump, and in many respects, devoid of authenticity, reliability or even a witness who has been disclosed in advance as its sponsor, and (c) a total lack of documentary or corroborative proof on CoesterVMS' counterclaims.

Understandably frustrated, Skapinetz seeks dismissal of the counterclaims, a sanction well within this Court's power after repeated warnings that CoesterVMS must comply or risk that very sanction. *Okpala v. Comput. Sci. Corp., CSC*, 585 F. App'x 298, 298 (4th Cir. 2014) (citing Fed. R. Civ. P. 37(b)(2)(A)); *see also* ECF No. 63 at 2. At this juncture, the Court is prepared to impose the following restrictions going forward.

    A. On CoesterVMS' counterclaims, CoesterVMS will **not** be permitted to supplement written discovery, and CoesterVMS will be confined to only those documents and answers produced or exchanged as of **September 28, 2018 at 5 p.m.** The Court's prior order was clear: produce *all* written discovery, to include discovery on the counterclaims as defined in the order itself, by no later than September 28, 2018 at 5 p.m. Any discovery produced after such time will neither be considered at summary judgment nor allowed as evidence should the claims proceed to trial.

    B. On any of CoesterVMS' defenses for which the foundation includes answers provided in interrogatories, or in documents or other records, CoesterVMS will be confined to only those defenses preserved in answers and documents produced by **September 28, 2018 at 5 p.m.**

    C. CoesterVMS will be precluded from calling or relying upon any witness not previously disclosed in its written discovery responses by the Court's ordered date

of **September 28, 2018 at 5 p.m.** Additionally, CoesterVMS is reminded that no witness will be permitted to testify to matters for which the foundation for the testimony is based on documents, records, or other discovery which this Court has excluded for failure to abide by the September 28, 2018 5 p.m. production deadline.

D. To the extent CoesterVMS asserts privilege regarding a document or testimony and has not generated an entry on the produced privilege log in compliance with Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure, the asserted privilege is deemed *waived*. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010).

With the above sanctions imposed, the Court will ascertain at summary judgment whether the counterclaims may proceed. Plaintiff's motion is GRANTED in part and DENIED in part.[1]

## II. Motion for Leave to File a Third Amended Answer and Counterclaim (ECF No. 74)

The Court views CoesterVMS' proposed third Amended Answer and Counterclaim as adding confusion and expanding (possibly) the scope of its claims in a way that this Court will not permit at this late juncture. Although amendment to pleadings is granted liberally, not so when amendment would unfairly expand the scope of the case late in the discovery process or otherwise prejudice the parties. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

---

[1] The Court also grants Skapinetz' Motion to Seal his motion for sanctions. ECF No. 69. The corporate confidential information included in the exhibits rebuts the general presumption that the public enjoys free and unfettered access to these court records. *See Interstate Fire & Cas. Co. v. Dimensions Assur. Ltd.*, No. GJH-13-3908, 2014 WL 6388334, at *1 (D. Md. Nov. 13, 2014).

First, the proposed third Amended Answer and Counterclaim seeks to remove Brian Coester *in toto*, despite the fact that Brian Coester's answers and counterclaims are preserved in the Second Amended Answer and Counterclaim. Simply because Brian Coester now has separate counsel provides no sound justification for erasing his answers and counterclaims. Further, the Court is at a loss for how CoesterVMS retains authority to alter the scope of Brian Coester's answers and counterclaims precisely because Brian Coester has separate counsel. The Court will not permit this amendment.

Second, the Court agrees with Skapinetz that the proposed amendments risk broadening the scope of the counterclaims in a manner that is unnecessary and unfair at this juncture. Throughout, Plaintiff has diligently sought damages discovery on the counterclaims limited in time and scope. At the September 25, 2018 hearing, and after extensive discussion with the parties, the Court limited the damages timeframe as November 16, 2016 to December 2017. Skapinetz fairly raises concerns that the proposed amendments now include allegations well beyond this time frame, and on mere weeks away from the close of discovery. In response, CoesterVMS asserts that "[n]othing in the amended counterclaim is intended to" "enlarge the relevant time frame," nor does the proposed amended counterclaim change "in any way" the scope of the claim itself. ECF No. 83 at 4–5. If true, then this begs the question as to why this Court should allow the amendment at all. Based on CoesterVMS' own position that the amendments neither alter the scope or substance of the counterclaims, the Court is given no rational basis to allow amendment.

At bottom, the amendment seems to introduce additional factual detail learned in discovery without much purpose. The parties are beyond challenging the sufficiency of the claims as pleaded. For summary judgment, the Court is already aware of the nature and scope of

the claims and needs no further amendment to assess whether a triable issue of genuine material fact exists. Accordingly, the motion for leave to amend is DENIED.

**III.     Letter Pleading on Motion to Compel (ECF No. 79)**

To add to the growing list of vexing discovery disputes, Skapinetz seeks an Order compelling the answer of a single set of questions to deponent Toni Bright, a CoesterVMS employee who had testified generally to her belief that CoesterVMS was not ethical in its business practices. When pressed for the basis, CoesterVMS' counsel objected and instructed the witness not to answer. At a follow up deposition, the witness was posed the question again, at which point the witness stated that the activity in question that formed the basis of her belief occurred in 2018. Counsel for CoesterVMS, invoking this Court's order related to the scope of *CoesterVMS'* discovery obligations on the counterclaims, instructed the witness not to answer. The Court fails to read its September 25, 2018 Order as granting defense counsel unilateral authority to determine the scope of a discovery deposition. Instructing the witness not to answer absent further guidance from the Court was improper. Further, Skapinetz has proffered a legitimate good faith basis for asking the questions (ECF No. 79) and so it will be permitted. The Court GRANTS Skapinetz' motion to Compel.

So Ordered.

Date: December 6, 2018             \_\_/S/_____
                                                            Paula Xinis
                                                            United States District Judge