

# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

CHAMBERS OF
Paula Xinis
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD 20770
(301) 344-0653

January 21, 2020

Re:     17-1098, *Skapinetz v. CoesterVMS.com, Inc. et al*

## LETTER ORDER

**Status Report:**

On June 24, 2019, this Court granted Plaintiff Mark Skapinetz's Motion for Summary Judgment and entered judgment as to liability against Defendants Brian Coester and CoesterVMS.Com, Inc. ("CoesterVMS").  ECF No. 106.   In addition, Counsel for Defendant CoesterVMS moved to withdraw from representation, which this Court granted.  *Id.*  Thereafter, CoesterVMS failed to secure new representation.  Skapinetz, in turn, moved for default judgment as to CoesterVMS. ECF No. 112.

As to Defendant Brian Coester, who is represented, the Court scheduled a damages-only trial to begin March 17, 2020.  ECF No. 111.  Since scheduling the trial, Coester filed for bankruptcy, thus triggering the automatic stay provision set forth in 11 U.S.C. §362 as to this matter and to Coester only.  ECF No. 117.

In light of the automatic stay, the Court REMOVES the pretrial and trial dates from the court calendar.  The parties are directed to notify the Court in a written status report once the automatic stay has been lifted.

Additionally, the Court had previously discussed with counsel its reluctance to adjudicate Skapinetz's motion for default judgment as to CoesterVMS (ECF No. 112) in advance of the damages-only trial against Coester because adjudicating the motion risks the possibility of inconsistent judgments in a matter factually identical as to both defendants.  ECF No. 115.  *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980) (noting that "[t]he possibility of two distinct determinations as to the damages arising out of a single price-fixing claim is, indeed, an inconsistency", and that the result of "inconsistent verdicts as to damages . . . is erroneous and must be avoided); *Anita's New Mexico Style Mexican Food, Inc. v. Anita's*

*Mexican Foods Corp.*, No. CIV.A. 97-510-A, 1998 WL 526770, at \*2 (E.D. Va. Apr. 16, 1998) (holding that "the assessment of damages against the defaulting defendant [ ] should await the outcome of Plaintiff's claims against [the other defendant] in order to avoid the entry of inconsistent damage awards."); *RBC Bank (USA) v. Epps*, No. 4:11-CV-00124-RBH, 2012 WL 3308227, at \*4 (D.S.C. Aug. 13, 2012)  (adopting magistrate judge's recommendation to deny plaintiff's motion for default judgment against defaulting defendants because "the risk of inconsistent damages awards must be avoided.").

Accordingly, the Court STAYS the case in its entirety, and DENIES without prejudice ECF No. 112, such that Skapinetz may later refile his motion for default judgment.  Once the automatic stay in the bankruptcy matter has been lifted, the Court will likewise lift the stay in this case and reconvene the parties for a scheduling conference to discuss the timing of trial as to Coester, and Skapinetz' renewed default judgment motion as to CoesterVMS, should he wish to refile it.

Although informal, this correspondence constitutes an Order of the Court and shall be docketed as such.

Sincerely,

/S/

PAULA XINIS
United States District Judge